# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| GAIL FUNG,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, *et al.*,<br><br>    Defendants. | Civil Action No. 20-1099-BRM-ESK<br><br>OPINION & ORDER |

**KIEL**, United States Magistrate Judge

    **THIS MATTER** comes before the Court on *pro se* plaintiff's motion for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1). (ECF Nos. 2 and 10.) The Court has considered the motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. Plaintiff's motion for the appointment of *pro bono* counsel (ECF No. 10) is DENIED.

    Plaintiff commenced this action on January 31, 2020. (ECF No. 1). With the complaint, plaintiff filed an application to proceed *in forma pauperis*. (*Id.*) The Court denied Plaintiff's application to procced *in forma pauperis* on March 6, 2020. (ECF No. 9.)

    The pending action concerns the December 2019 foreclosure of Plaintiff's former residence located at 545 Ryeside Ave, New Milford, N.J. 07646. (ECF No. 1.) Plaintiff alleges that defendants' conduct amounts to a "wrongful foreclosure" and was the product of a "forged mortgage assignment." (ECF No. 1, pp. 14, 19.) Plaintiff seeks, *inter alia*, a judgment to "void the sheriff sale" and issue an award of monetary

relief. (*Id.*, at 14.)

Plaintiff seeks the appointment of counsel under 28 U.S.C. § 1915(e)(1), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." The appointment of counsel is not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). The decision to appoint *pro bono* counsel involves a two-step analysis. First, a court must determine, as a threshold matter, whether a plaintiff's claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). If a court finds that the action arguably has merit, it should then consider the following factors:

> (1)  the plaintiff's ability to present his or her own case;
> (2)  the complexity of the legal issues;
> (3)  the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4)  the amount a case is likely to turn on credibility determinations;
> (5)  whether the case will require the testimony of expert witnesses; and
> (6)  whether the plaintiff can attain and afford counsel on his [or her] own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155–56, 157 n.5). This list is not exhaustive, but rather provides guideposts for the court. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citations omitted). A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157–58. Additionally, "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d at 499 (citing *Parham*, 126 F.3d at 457).

Presently, as an initial matter and regardless of whether or not Plaintiff's claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of *Parham*'s test particularly difficult to evaluate." *See Chatterjee v. Phila. Fed'n of Teachers*, Nos. 99-4122 and 99-4233, 2000 WL 1022979, at *1 (E.D. Pa. July 18, 2000) (stating that unlike *Parham*, which concerned a directed verdict ruling, and *Tabron*, which involved summary judgment adjudication, plaintiff's claims asserted in the complaint and motions "have barely been articulated" and have a distinctive procedural posture). With respect to the *Tabron* factors, Plaintiff has not demonstrated at this stage of the proceeding that *pro bono* counsel is warranted.

Plaintiff's filings with the Court thus far reflect literacy and the ability to reference relevant legal authority. For example, without the assistance of counsel, Plaintiff has filed the complaint, an application to proceed *in forma pauperis*, a motion to vacate sheriff's sale, and the present motion for the appointment of *pro bono* counsel. These filings themselves demonstrate Plaintiff's ability to present her case. This satisfies the first *Tabron* factor.

Plaintiff's application for *pro bono* counsel states that she seeks counsel because she "can't find an attorney who specializes in suing banks and lawyers who commit fraud against consumers [and she is] also experiencing financial hardship at the moment." (ECF No. 1-1 at p. 3.) The Court does not appoint *pro bono* counsel based on an attorney's area of expertise but considers the "complexity of the legal issues." There is no indication that the legal issues will be overly complex.

Plaintiff provides little information concerning the remaining *Tabron* factors. Upon the Court's own review of this matter, the legal issues presented are not complex, and at this stage in the litigation, the degree to which factual investigations will be necessary, the extent to which the case is likely to turn on credibility determinations, and whether Plaintiff will require expert witnesses is unclear. The Court acknowledges that Plaintiff has limited financial resources. While the sixth *Tabron* factor may weigh in Plaintiff's favor, this fact alone is not enough to justify the appointment of counsel. *See Christy v. Robinson*, 216 F.Supp.2d 398, 411 (D.N.J. 2002) (denying application for *pro bono* counsel where indigency was the only one of the six factors weighing in favor of appointment of counsel).

The Court recognizes that issues may arise throughout the course of this litigation that may raise a question as to plaintiff's need for counsel. The Court will monitor this issue throughout case management and, as the case progresses, may consider a renewed motion for the appointment of counsel. However, at this stage of the litigation, the Court finds that the *Tabron* factors weigh against appointment.

Accordingly,

**IT IS** on this **11th day of March 2020 ORDERED** that Plaintiff's Motion for the appointment of *pro bono* counsel (ECF No. 10) is **DENIED WITHOUT PREJUDICE.**

    */s/ Edward S. Kiel*
**Edward S. Kiel**
**United States Magistrate Judge**