UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GAIL FUNG,<br><br>      Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, *et al.*,<br><br>      Defendants. | Civil Action No. 20-1099-BRM-ESK<br><br>OPINION AND ORDER |

**KIEL**, UNITED STATES MAGISTRATE JUDGE

**THIS MATTER** comes before the Court on *pro se* plaintiff's motion (the "Motion") for reconsideration for the Court's order of March 11, 2020 (ECF No. 12) denying her prior motion for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1). (ECF No. 15.) The Court decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78. The Motion is DENIED.

This action concerns a foreclosure case involving Plaintiff's former residence in New Milford, New Jersey. (ECF No. 1.) On March 9, 2020, plaintiff filed a motion seeking the appointment of pro bono counsel under 28 U.S.C. § 1915(e)(1) (the "First Motion"). (ECF No. 10.) The Court denied plaintiff's request on March 11, 2020. (ECF No. 12.)

A motion for reconsideration of a previous decision is meant to be an extremely limited procedural vehicle. *See Tehan v. Disability Mgmt. Servs., Inc.*, 111 F.Supp.2d 542, 549 (D.N.J. 2000). Such motions should be granted sparingly. *See Caver v. City of Trenton*, 420 F.3d 243, 258 (3d Cir. 2005); *Cataldo v. Moses*, 361

F.Supp.2d 420, 433 (D.N.J. 2004).  Movants seeking reconsideration must show: (a) an intervening change in the controlling law; (b) the availability of new evidence that was previously unavailable; or (c) the need to correct a clear error of law or fact or to prevent manifest injustice.  *See Arrington v. McRae*, 683 F.App'x 108, 109 (3d Cir. 2017); *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration is not an opportunity to relitigate old matters, or to raise arguments or present evidence that could have been raised before the entry of the original order.  *See Boretsky v. Governor of N.J.*, 433 F.App'x 73, 78 (3d Cir. 2011); *Dunkley v. Mellon Investor Servs.*, 378 F.App'x 169, 172 (3d Cir. 2010).

Here, the Motion, even when liberally viewed given plaintiff's *pro se* status, does not raise an intervening change in the controlling law, any previously unavailable evidence, a clear error of law or fact, or an instance of manifest injustice.  Plaintiff simply repeats the arguments raised in the First Motion.

Further, with respect to the *Tabron* factors, plaintiff has not demonstrated at this stage of the proceeding that *pro bono* counsel is warranted.  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).  The Court once again acknowledges plaintiff has limited financial resources.  The Court continues to be sympathetic of plaintiff's health condition.  However, these facts alone do not justify the appointment of *pro bono* counsel.  *See Christy v. Robinson*, 216 F.Supp.2d 398, 411 (D.N.J. 2002) (denying application for *pro bono* counsel where indigency was the only one of the six factors weighing in favor of appointment of counsel).  The Court, however, grants

leave to plaintiff to request a stay or administrative termination of this matter if her medical condition will likely prevent her from prosecuting her claims.

Accordingly,

**IT IS** on this **4th day of May 2020  ORDERED** that:

1. Plaintiff's Motion for reconsideration for the appointment of *pro bono* counsel (ECF No. 15) is **DENIED**.

2. The Clerk of the Court is directed to terminate the Motion at **ECF No. 15.**

  */s/ Edward S. Kiel*  
**Edward S. Kiel**  
**United States Magistrate Judge**