**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

GAIL FUNG,

               Plaintiff,

               v.

WELLS FARGO BANK, HSBC BANK,
PHELAN, HALLINAN, DIAMOND,
JONES AND SCHMIEG, P.C.; JOHN M.
ANELLO, ESQ., JUDTIH T. ROMANO,
ESQ., LICARDO GWIRA, ESQ, JAMES
DIMAGGIO, ESQ. FULL SPECTRUM
SERVICES, JASON HONG, BEC FNF,
LLC.

               Defendants.

Case No. 2:20-cv-01099-(BRM)(ESK)

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

       Before this Court are three Motions to Dismiss Plaintiff Gail Fung's ("Fung") Complaint (ECF No. 1): (1) Defendants Full Spectrum Services, Inc., Licardo Gwira, Esq., and John M. Anello, Esq.'s Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) (ECF No. 16); (2) Defendants Phelan Hallinan Diamond & Jones, P.C., Judith T. Romano, Esq., and James DiMaggio, Esq.'s[1] Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) (ECF No. 21); and (3) Defendants Wells Fargo Bank and HSBC Bank's ("Bank

---

[1] For the purposes of this Opinion, Defendants Full Spectrum Services, Inc., Licardo Gwira, Esq., John M. Anello, Esq., Phelan Hallinan Diamond & Jones, P.C., Judith T. Romano, Esq., and James DiMaggio, Esq. will be collectively referred to as the "Attorney Defendants." Defendants Phelan Hallinan Diamond & Jones, P.C., Judith T. Romano, Esq., and James DiMaggio, Esq. "join in, rely upon, and incorporate by reference" the Defendants' Motion, docketed at ECF No. 16. (*See* ECF No. 21.)

Defendants") (together with Attorney Defendants, "Defendants") Motion to Dismiss pursuant to Federal Rules 12(b)(1) and (6) (ECF No. 29). Fung, appearing *pro se*,[2] opposes all three motions. (ECF No. 56.) Also before this Court is Fung's Motion for Default Judgment against Defendants Jason Hong and BEC FNF, LLC. (ECF No. 57.) Having reviewed the submissions filed in connection with the motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause shown, Defendants' Motions to Dismiss are **GRANTED** and Fung's Motion for Default Judgment is **DENIED**.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts are set forth at length in this Court's May 29, 2020 Order to Show Cause. (ECF No. 60.) In the interest of judicial economy, the Court refers the parties to that Order for a full recitation of the factual background of this dispute.

On January 31, 2020, Fung filed her Complaint with this Court. (ECF No. 1.) Fung's Complaint requested "the court void the sheriff sale [of her home, which occurred on] December 20, 2019." (ECF No. 1 at 14.) Fung argues she was the victim of "wrongful termination of [her] loan modification" (ECF No. 1 at 14, 15), "wrongful foreclosure" (*id.* at 12–14), denial of due process (*id.* at 12, 14), breach of contract (*id.* at 11, 18), breach of the covenant of good faith and fair dealing (*id.* at 10, 12), and forgery (*id.* at 11–14, 18, 20–21).

On April 13, 2020, the Attorney Defendants filed a Motion to Dismiss Fung's Complaint. (ECF No. 16.) On April 14, 2020, Fung requested the Court enter default against BEC FNF, LLC and Jason Hong. (ECF No. 19.) The Clerk entered default against those defendants for failure to

---

[2] Because Fung appears *pro se*, the Court affords her "greater leeway" with procedural rules and holds her filings to "less stringent standards" than the Court would apply to attorney filings. *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244 (3d Cir. 2013).

plead or otherwise defend. (*Id.*) On April 22, 2020, Defendants Phelan Hallinan Diamond & Jones, P.C., Judith T. Romano, Esq., and James DiMaggio, Esq. filed a Motion to Dismiss. (ECF No. 21.) On May 18, 2020, the Bank Defendants also filed a Motion to Dismiss. (ECF No. 29.) On October 14, 2020, following extension requests, Fung filed an Affidavit in Opposition to all three motions to dismiss. (ECF No. 56.) Then, on October 20, 2020, Fung filed a Motion for Default Judgment against Defendants Jason Hong and BEC FNF, LLC for failure to answer or plead. (ECF No. 57.) On October 27, 2020, the Bank Defendants replied to Fung's opposition (ECF No. 58), which the Attorney Defendants joined (ECF No. 59). To date, despite having been properly served (ECF No. 27), neither Jason Hong nor BEC FNF, LLC have filed an appearance.

On December 16, 2020, this Court ordered Fung to show cause why this matter should not be dismissed for lack of subject matter jurisdiction and administratively terminated the three motions to dismiss and Fung's Motion for Default Judgment. (ECF No. 60.) After this Court issued the Order to Show Cause, Fung requested three thirty-five-day extensions (ECF Nos. 61, 63, 65), all of which were granted (ECF Nos. 62, 64, 68). On April 27, 2021, Fung filed her response to the Order. (ECF No. 72.) On May 10, 2021, the Bank Defendants replied to Fung's response (ECF No. 73), and on May 19, 2021, the Attorney Defendants also replied to her response (ECF No. 74). On June 7, 2021, Fung responded to Defendants' replies. (ECF No. 75.)

## II.    LEGAL STANDARD

Defendants move to dismiss Fung's Complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). "When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter

jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am.*, N.A., Civ. A. No. 12-03922, 2013 WL 1163483, at *1 (D.N.J. Mar. 19, 2013) (citing *In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993)). In considering dismissal for lack of subject-matter jurisdiction, a district court's focus is not on whether the factual allegations entitle a plaintiff to relief but rather on whether the court has jurisdiction to hear the claim and grant relief. *Maertin v. Armstrong World Industries, Inc.*, 241 F. Supp. 2d 434 (D.N.J. 2002).

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack "challenges [the] subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Id.* (citing *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual attack, on the other hand, "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id.* (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). A "factual challenge allows 'a court [to] weigh and consider evidence outside the pleadings.'" *Id.* (citation omitted). Thus, when a factual challenge is made, "no presumptive truthfulness attaches to [the] plaintiff's allegations." *Id.* (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Rather, "'the plaintiff will have the burden of proof that jurisdiction does in fact exist,' and the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Id.* (quoting *Mortensen*, 549 F. 2d at 891).

The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Davis*, 824

F.3d at 348–49 (collecting cases). "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* at 350 (quoting *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987)). "In this vein, when a case raises a disputed factual issue that goes both to the merits and jurisdiction, district courts must 'demand less in the way of jurisdictional proof than would be appropriate at a trial stage.'" *Id.* (citing *Mortensen*, 549 F.2d at 892 (holding that dismissal under Rule 12(b)(1) would be "unusual" when the facts necessary to succeed on the merits are at least in part the same as must be alleged or proven to withstand jurisdictional attacks)). These cases make clear that "dismissal via a Rule 12(b)(1) factual challenge to standing should be granted sparingly." *Id.*

Here, Defendants have presented the Court with a facial attack because their motions contend Fung failed to adequately establish subject matter jurisdiction in her pleadings. (*See* ECF Nos. 16, 29.) Therefore, the Court considers the allegations in the light most favorable to Fung. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen*, 549 F.2d at 891.

## III.   DECISION

### A.   Defendants' Motions to Dismiss

#### i.   Federal Question Jurisdiction

In her response to this Court's Order to Show Cause, Fung maintains, as she did in her opposition to Defendants' motions to dismiss, that she can establish this Court has federal question jurisdiction over her claims. (*See* ECF No. 72 at 1.) Specifically, she asserts federal question jurisdiction has been exercised in instances where no federal cause of action existed. (*Id.*) She

admits her original claims arise under New Jersey law, but insists *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804 (1986) "recognized an exception for subject matter jurisdiction where there was no direct impact on any federal-law issues," and asserts this Court should rely on *Merrell Dow* in choosing to exercise jurisdiction here. (*Id.*) Alternatively, Fung submits several federal statutes as replacements for the state law statutes that form the basis of her claims (ECF No. 72 at 2), and argues these federal statutes, which are not featured in her Complaint or anywhere in her opposition, successfully establish federal question jurisdiction. (*See id.*)

Attorney Defendants argue Fung's Complaint and her response to the Order to Show Cause lack the existence of a federal question. (ECF No. 16 at 2; ECF No. 74 at 1.) Bank Defendants point out Fung concedes her Complaint "do[es] not involve any contested federal-law issues." (ECF No. 73 at 1 (citing ECF No. 72 at 1).) Both Defendants argue Fung lacks standing, as a private citizen, to file criminal charges under the federal statutes she raised in her response to the Order to Show Cause. (ECF No. 73 at 1–2; ECF No. 74 at 1.)

"Federal courts are courts of limited jurisdiction that may only hear a case if the constitution or a federal statute provides the court with jurisdiction." *Jackson v. Del. River & Bay Auth.*, 224 F. Supp. 2d 834, 841 (D.N.J. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A district court has the obligation to raise questions of subject matter jurisdiction *sua sponte*. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002); *Emp'rs Ins. of Wausau v. Crown Cork & Seal Co., Inc.*, 905 F.2d 42, 45 (3d Cir. 1990). Federal courts have original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1332, which provide for federal question jurisdiction and diversity jurisdiction, respectively. In other words, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the

United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

The Court agrees with Defendants, as Fung has not demonstrated this Court has federal question jurisdiction over her claims. In *Merrell Dow*, the Supreme Court decided a very narrow question: "whether the incorporation of a federal standard in a state-law private action, when Congress has intended that there not be a federal private action for violations of that federal standard, makes the action one 'arising under the Constitution, laws, or treaties of the United States[.]'" 478 U.S. at 805 (quoting 28 U.S.C. § 1331). The Court answered that question in the negative. *Id.* at 817 ("We conclude that a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim" under 28 U.S.C. § 1331). This narrow holding did not disclaim the requirement that a plaintiff's complaint cannot rely exclusively on state law to invoke jurisdiction under 28 U.S.C. § 1331. *See Merrell Dow*, 478 U.S. at 813 (noting "the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction"); *see also Wells Fargo Bank, N.A. v. Dey-El*, Civ. A. No. 171762, 2018 WL 283732, at *3 (D.N.J. Jan. 3, 2018), *aff'd sub nom. Wells Fargo Bank, Nat'l Ass'n As Tr. for Holders of the Merrill Lynch Mortg. Invs. Tr., Mortg. Loan-Asset-Backed Certificate Series 2006-WMCI v. Dey-El*, 788 F. App'x 857 (3d Cir. 2019) (finding plaintiff's complaint involving state foreclosure action, removed to federal court by defendant, "provide[d] no basis for federal-question jurisdiction" because the complaint "ma[de]

7

no mention of the FDCPA or any other federal statute"). Fung admits in her response to the Order to Show Cause her Complaint asserts only state law causes of action and does not concern any issues of federal law. (*See* ECF No. 72 at 1 ("[I]t is argued that the allegations contained in Plaintiff's Complaint do not impact any federal-law issues and should be allowed to be determined in Federal District Court.").) Based on the well-pleaded complaint rule, because Fung does not allege any federal causes of action, jurisdiction under 28 U.S.C. § 1331 is improper.

Fung also relies on *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005) to argue jurisdiction is proper because "quiet title actions rarely involve contested federal-law issues." *Id.* at 319. This argument misses the point. In *Grable & Sons*, the Supreme Court found jurisdiction over a state quiet title action under 28 U.S.C. § 1331 because the plaintiff "premised its superior title claim on a failure by the IRS to give it adequate notice, as defined by federal law." 545 U.S. at 314–15. Importantly, the Court noted "the meaning of the federal statute is actually in dispute; it appears to be the only legal or factual issue contested in this case" and "[t]he meaning of the federal tax provision is an important issue of federal law that sensibly belongs in a federal court." *Id.* at 315. While the Court noted "it will be the rare state title case that raises a contested matter of federal law," it did not base its finding of federal question jurisdiction on this fact, as Fung seems to suggest. *See id.* Rather, the Court mentioned this fact to clarify its finding of federal question jurisdiction, based on "resolv[ing] genuine disagreement over federal tax title provisions," would only have "a microscopic effect on the federal-state division of labor." *Id.* Because Fung's Complaint does not allege any federal causes of action, there is no "genuine disagreement" over the meaning of any federal law that provide this Court with jurisdiction under 28 U.S.C. § 1331 and *Grable & Sons*.

Fung's inclusion of 18 U.S.C. §§ 658 and 1001 in her response to the Order to Show Cause also does not provide this Court with federal question jurisdiction. Fung did not assert these federal causes of action in her Complaint and requested the substitution as part of her response to the Court's Order to Show Cause. (*See* ECF Nos. 60, 72.) Because these claims were not in Fung's Complaint, they cannot serve as a basis for jurisdiction. *Bank of New York Mellon Tr. Co., Nat. Ass'n v. Poczobut*, Civ. A. No. 13-3303, 2013 WL 4012561, at *2 (D.N.J. Aug. 5, 2013) ("The well-pleaded complaint rule limits the jurisdictional inquiry to the claims and theories asserted in the complaint, and absent a federal question o[n] the face of the complaint, jurisdiction will not lie even if a defense to the state law claims relies on federal law." (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 12 (2003))). Additionally, both 18 U.S.C. §§ 658 and 1001 are criminal federal statutes, and Fung does not have standing as a private citizen to bring an action under these statutes. *See Maine v. Taylor*, 477 U.S. 131, 136 (1986) ("[T]he United States and its attorneys have the sole power to prosecute criminal cases in the federal courts"); *Capogrosso v. The Supreme Ct. of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (noting "individual citizens do not have a constitutional right to the prosecution of alleged criminals").

Therefore, for the reasons stated above, the Court does not have federal question jurisdiction over Fung's claims.

### ii.      Diversity Jurisdiction

Fung argues diversity of citizenship has been established here because "the main defendants" reside in three different states. (ECF No. 72 at 2.) She argues HSBC Bank USA, N.A resides in New York, NY; Wells Fargo Bank, N.A. resides in San Francisco, CA; and Phelan Hallinan Diamond & Jones, PC resides in Philadelphia, PA. (*Id.*) She also notes in her response to

the Court's Order to Show Cause that Judith T. Romano, Esq. resides in Philadelphia, PA. (*Id.*) Additionally, Fung argues the amount in controversy requirement under 28 U.S.C. § 1332 is met because she "specifically alleged damages within the Complaint for an amount of $450,000,000." (*Id.*)

The Bank Defendants argue Fung "conveniently ignores the residency status of five of the remaining defendants, including Full Spectrum Services, Inc., John M. Anello, Esq., James DiMaggio, Esq., Licardo Gwira, Esq., and Jason Hong," and cannot properly establish diversity jurisdiction. (ECF No. 73 at 2.) The Attorney Defendants similarly argue "Plaintiff fails to provide a basis for establishing diversity jurisdiction—that is, complete diversity—between Plaintiff and all Defendants in violation of 28 U.S.C.§ 1332." (ECF No. 74 at 2.)

Federal Courts are also vested with original jurisdiction over civil actions "where the amount in controversy exceeds $75,000 and is between citizens of different states, between citizens of a state and citizens of a foreign state, or between a foreign state and citizens of a state." *Jackson*, 224 F. Supp. 2d at 841 (citing 28 U.S.C. § 1332). If a party is deceased, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2); *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006).

"Citizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" *McCann*, 458 F.3d at 286 (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)). In determining an individual's domicile, courts consider several factors, including declarations, exercise of political rights, payment of personal taxes, house of residence, place of business, location of brokerage and bank accounts, location of spouse and family,

10

membership in unions and other organizations, and driver's license and vehicle registration. *Id.*; *see also Krasnov v. Dinan*, 465 F.2d 1298, 1301 (1972).

Fung has the burden of establishing jurisdiction by a preponderance of the evidence. *Id.*; *see also Kokkonen*, 511 U.S. at 377; *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). That said, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Thus, "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen*, 511 U.S. at 377. That is, "the Court can only 'properly determine whether complete diversity of the parties in fact exists and thus whether the Court has jurisdiction to adjudicate the matter[,]' when the plaintiff, even if proceeding *pro se*, affirmatively pleads facts regarding the citizenship of individual defendants and the dual citizenship of corporate defendants." *Phillip v. Atl. City Med. Ctr.*, Civ. A. No. 11-2468, 2013 WL 1192381, at *4 (D.N.J. Mar. 21, 2013) (quoting *Poling v. K. Hovnanian Enters.*, 99 F.Supp.2d 502, 515 (D.N.J. 2000)).

The Court finds Fung has not met her burden of establishing complete diversity exists between her and all defendants named in the Complaint. While Fung alleged three of the defendants do not reside in New Jersey, several of the defendants listed in Fung's Complaint have New Jersey addresses. (*See* ECF No. 1.) Fung lists herself as a resident of New Jersey in her Complaint, and lists Defendants Full Spectrum Services, Inc., John M. Anello, Esq., James DiMaggio, Esq., Licardo Gwira, Esq., Jason Hong, and BEC FNF, LLC as having New Jersey addresses. (ECF No. 1 at 3–4.) However, even disregarding that several of the addresses provided in Fung's Complaint are New Jersey addresses and could potentially destroy diversity, "merely alleging an address for each Defendant is [] insufficient to demonstrate a party's citizenship for

diversity purposes." *Phillip v. Atl. City Med. Ctr.*, 861 F. Supp. 2d 459, 469 (D.N.J. 2012); *Robinson v. CRS Facility Servs., LLC*, Civ. A. No. 12-CV-2693, 2014 WL 3809251, at *2 (D.N.J. July 31, 2014) ("Plaintiffs, even when proceeding *pro se*, must plead the citizenship of the individual defendants for the court to determine whether complete diversity of the parties in fact exists and thus whether the court has jurisdiction to adjudicate the matter"); *Crisafulli v. Ameritas Life Ins. Co.*, Civ. A. No. 13-CV-05937, 2014 WL 2611839, at *5 (D.N.J. June 11, 2014) (finding *pro se* plaintiff "failed to properly plead diversity of citizenship among the parties" when the complaint listed the address of a defendant corporation but did not indicate whether the address was the defendant corporation's "incorporation address or principal place of business"); *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012) (noting allegations of "residency," as opposed to allegations of citizenship or domicile, are "jurisdictionally inadequate in [a] diversity of citizenship case."); *Rosario v. Hassan*, Civ. A. No. 13-CV-1509, 2013 WL 2182342, at *2 (D.N.J. May 17, 2013) ("An address or business address is not sufficient to establish citizenship.").

This Court specifically ordered Fung to show cause why this matter should not be dismissed for lack of subject matter jurisdiction. (ECF No. 60 at 6.) The Court also explained in its Order to Show Cause that merely providing the residences of each defendant in this action, without specifically alleging the citizenship of each defendant, would not establish this Court has diversity jurisdiction. (*See id.* at 5–6.) In her response to the Order to Show Cause, Fung still argues "[d]iversity of [c]itizenship has been established in this matter because the main defendants *reside* in three different states." (ECF No. 72 at 2) (emphasis added). Therefore, even Fung's Complaint, supplemented by her response to the Order to Show Cause, does not establish a basis for diversity jurisdiction. Because Fung has not established federal question jurisdiction under 28 U.S.C. § 1331

or diversity jurisdiction under 28 U.S.C. § 1332, this Court does not have subject matter jurisdiction over this action.

Accordingly, Defendants' Motions to Dismiss are **GRANTED**.

### B.   Fung's Motion for Default Judgment

Also before this Court is Fung's Motion for Default Judgment against Defendants Jason Hong and BEC FNF, LLC. (ECF No. 57.) A default judgment may be entered "against a properly served defendant who fails to file a timely responsive pleading." *Louisiana Counseling & Family Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing Fed. R. Civ. Pro. 55(b)(2); *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir.1990)). The judgment must be entered by the court, rather than the clerk, where the amount is not sum certain or cannot be made certain by computation. Fed. R. Civ. P. 55(b).

Entry of default judgment is within the discretion of the district court, although cases should "be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (citing *United States v. $55,518.05 in U.S. Currency*, No. 82-2758, slip op. at 6 (3d Cir. Feb 21, 1983)); *see Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *Louisiana Counseling & Family Servs.*, 543 F. Supp. 2d at 364. To determine the appropriateness of the entry of a default judgment, the Court may conduct a hearing when, "to enter or effectuate judgment, it needs to . . . determine the amount of damages [or] establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b).

Generally, courts treat all pleadings and allegations of the plaintiff as true on a motion for default judgment. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). However, the Court is not required to accept Plaintiff's conclusions of law and, therefore, "it remains for the

[C]ourt to consider whether the unchallenged facts constitute a legitimate cause of action" against Defendants. *Directv, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (quoting Charles A. Wright, Arthur R. Miller & Mary Kay Kane, 10A *Federal Practice and Procedure* § 2688, at 58–59, 63 (3d ed. 1998)); *accord Louisiana Counseling & Family Servs.*, 543 F. Supp. 2d at 364; *Comcast Cable Commc'ns v. Bowers*, Civ. A. No. 06-1664, 2007 WL 1557510, at *2 (D.N.J. May 25, 2007). However, "[b]efore entering default judgment, the court must address the threshold issue of whether it has subject matter jurisdiction and personal jurisdiction over the parties." *U.S. Life Ins. Co. in City of New York v. Romash*, Civ. A. No. 09-3510, 2010 WL 2400163, at *1 (D.N.J. June 9, 2010) (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)).

Fung appears to have properly served both Defendant Jason Hong and Defendant BEC FNF, LLC on March 14, 2020. (*See* ECF No. 19.) The default was duly noted by the Clerk of the Court against both defendants for failure to plead or otherwise defend in this action. Importantly, if a court does not have subject matter jurisdiction, it may properly deny a motion for default judgment until subject matter jurisdiction is sufficiently alleged. *See Mayflower Transit, LLC v. Interra Indus., LLC*, Civ. A. No. 07-5963, 2008 WL 2559358, at *3 (D.N.J. June 26, 2008) ("Plaintiff's motion for default judgment is denied at this time because plaintiff has not properly alleged subject matter jurisdiction in its complaint."); *Animal Sci. Prod., Inc. v. China Nat. Metals & Mins. Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 880 (D.N.J. 2008) ("In light of the Court's finding that, as drafted, the Complaint fails to establish the Court's subject matter jurisdiction over this action . . . [,]granting Plaintiffs' motion for default judgment would be wholly inappropriate"); *AvalonBay Communities, Inc. v. Aspen Specialty Ins. Co.*, Civ. A. No. 2:20-9167, 2021 WL

14

1921528, at *2 (D.N.J. May 13, 2021) ("As a result, the Court is unable to conclude that it has subject-matter jurisdiction over this matter and Plaintiffs' motion for default judgment is dismissed without prejudice.").

While the Court has already found it lacks subject matter jurisdiction over this action, Fung's allegations of citizenship for both Defendant Hong and Defendant BECF FNF, LLC are similarly deficient. Fung has merely listed the residences of Defendant Hong and Defendant BEC FNF, LLC in her Complaint. (ECF No. 1 at 3–4.) As noted above, an allegation of citizenship, not residence, is required to establish diversity jurisdiction. *GP Maplewood Assocs., LP v. Cong. Mapleshade Corp.*, Civ. A. No. 03-3162, 2005 WL 8174810, at *1 (D.N.J. Feb. 28, 2005) ("An allegation of an individual's citizenship requires just that, an allegation of citizenship . . . . Thus, alleging an individual's residence alone is insufficient") (citations omitted). Additionally, "the citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). Fung has not alleged the citizenship of any of BEC FNF, LLC's members. Therefore, because the court does not have subject matter jurisdiction over this action, Fung's Motion for Default Judgment is **DENIED.**

## IV.  CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss are **GRANTED**, and Fung's Motion for Default Judgment is **DENIED**. However, Fung's Complaint will be dismissed without prejudice, and she will be afforded an opportunity to file a final Amended Complaint that sets forth a proper basis for federal jurisdiction. *See In re Orthopedic "Bone Screw" Prod. Liab. Litig.*, 132 F.3d 152, 155 (3d Cir. 1997) ("If a case, over which the court lacks subject matter jurisdiction, was originally filed in federal court, it must be dismissed . . . . The disposition of such

a case will, however, be without prejudice."); *see also Siravo v. Crown, Cork & Seal Co.*, 256 F. App'x 577, 580 (3d Cir. 2007). An appropriate order follows.

Date: July 23, 2021                                     */s/ Brian R. Martinotti*
                                                        HON. BRIAN R. MARTINOTTI
                                                        UNITED STATES DISTRICT JUDGE