<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| GAIL FUNG,<br><br>               Plaintiff,<br><br>               v.<br><br>WELLS FARGO BANK, *et al.*,<br><br>               Defendants. | Case No. 2:20-cv-01099 (BRM) (ESK)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court are three Motions to Dismiss Plaintiff Gail Fung's ("Fung") Amended Complaint (ECF No. 80): (1) Defendants Full Spectrum Services, Inc., Licardo Gwira, Esq., and John M. Anello, Esq.'s Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) (ECF No. 81); (2) Defendants Phelan Hallinan Diamond & Jones, P.C., Judith T. Romano, Esq., and James DiMaggio, Esq.'s Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) (ECF No. 82) (collectively "Attorney Defendants");[1] and (3) Defendants Wells Fargo Bank and HSBC Bank's ("Bank Defendants") (together with Attorney Defendants, "Defendants") Motion to Dismiss pursuant to Federal Rules 12(b)(1) and (6) (ECF No. 83). Fung, appearing *pro se*, opposed the Motions. (ECF No. 87.) The Bank Defendants filed a reply. (ECF

---

[1] For the purposes of this Opinion, Defendants Full Spectrum Services, Inc., Licardo Gwira, Esq., John M. Anello, Esq., Phelan Hallinan Diamond & Jones, P.C., Judith T. Romano, Esq., and James DiMaggio, Esq. will be collectively referred to as the "Attorney Defendants." Defendants Phelan Hallinan Diamond & Jones, P.C., Judith T. Romano, Esq., and James DiMaggio, Esq. "join in, rely upon, and incorporate by reference" the Defendants' Motion, docketed at ECF No. 81. (*See* ECF No. 82.)

No. 89.)[2] Having reviewed the parties' submissions filed in connection with the motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause shown, Defendants' Motions to Dismiss are **GRANTED**.

## I.   BACKGROUND[3]

For the purpose of this motion to dismiss, the Court accepts the factual allegations in the Amended Complaint as true and draws all inferences in the light most favorable to Fung. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court applies this same standard on a motion to dismiss for lack of subject matter jurisdiction. *See Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007) ("Pursuant to Rule 12(b)(1), the Court must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party.") (citing *Warth v. Seldin*, 422 U.S. 490 (1975)). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

On January 31, 2020, Fung filed her initial Complaint with this Court. (ECF No. 1.) Fung's Complaint requested "the court void the sheriff sale [of her home, which occurred on] December 20, 2019." (ECF No. 1 at 14.) Fung argues she was the victim of "wrongful termination of [her] loan modification" (ECF No. 1 at 14, 15), "wrongful foreclosure" (*id*. at 12–14), denial of due

---

[2] On January 2, 2022, Fung submitted a letter to the Court regarding a criminal investigation against certain Defendants and employees who represent certain Defendants. (ECF No. 91.)

[3] The factual and procedural backgrounds of this matter are well known to the parties and were previously recounted by the Court in earlier Opinion dismissing Fung's initial Complaint without prejudice. (ECF No. 76.) Therefore, the Court only includes the facts and procedural background relevant to these Motions.

process (*id*. at 12, 14), breach of contract (*id*. at 11, 18), breach of the covenant of good faith and fair dealing (*id*. at 10, 12), and forgery (*id*. at 11–14, 18, 20–21).

On April 13, 2020, the Attorney Defendants filed a Motion to Dismiss Fung's Complaint. (ECF No. 16.) On April 22, 2020, Defendants Phelan Hallinan Diamond & Jones, P.C., Judith T. Romano, Esq., and James DiMaggio, Esq. filed a Motion to Dismiss. (ECF No. 21.) On May 18, 2020, the Bank Defendants also filed a Motion to Dismiss. (ECF No. 29.) On October 14, 2020, following extension requests, Fung filed an Affidavit in Opposition to all three motions to dismiss. (ECF No. 56.) On October 27, 2020, the Bank Defendants replied to Fung's opposition (ECF No. 58), which the Attorney Defendants joined (ECF No. 59).

On December 16, 2020, this Court ordered Fung to show cause why this matter should not be dismissed for lack of subject matter jurisdiction. (ECF No. 60.) After this Court issued the Order to Show Cause, Fung requested three thirty-five-day extensions (ECF Nos. 61, 63, 65), all of which were granted (ECF Nos. 62, 64, 68). On April 27, 2021, Fung filed her response to the Order. (ECF No. 72.) On May 10, 2021, the Bank Defendants replied to Fung's response (ECF No. 73), and on May 19, 2021, the Attorney Defendants also replied to her response (ECF No. 74). On June 7, 2021, Fung responded to Defendants' replies. (ECF No. 75.)

On July 23, 2021, the Court issued its Opinion and Order (collectively, the "July 2021 Opinion") dismissing Fung's Complaint without prejudice for failure to establish subject matter jurisdiction. (ECF Nos. 76, 77.) The Court permitted Fung to file an amended complaint addressing the deficiencies discussed in the July 2021 Opinion. (*Id*.) On September 23, 2021, following an order granting Fung's request for an extension (ECF No. 78), Fung filed her Amended Complaint (ECF No. 80). The Amended Complaint largely mirrors her initial Complaint. Fung alleges Defendants commenced a foreclosure action against her in 2009. (*Id* at 10 of 164.) Fung alleges

3

she is a "victim of a wrongful foreclosure as a result of Defendants' individual and/or collective actions." (*Id.*) Fung asserts her mortgage was assigned to the Bank Defendants but alleges the assignment of her mortgage was a fraud. (*Id.* 23–24 of 164.) Fung further alleges the "entire foreclosure was based on a fraud," and the Attorney Defendants "forged the assignment of mortgage." (*Id.* at 29 of 164.) Fung claims the Court has subject matter jurisdiction under 28 U.S.C. § 1331 for alleged violations of 42 U.S.C. § 1983, the Truth in Lending Act ("TILA"), the Fair Debt Collection Practices Act ("FDCPA"), the Real Estate Settlement Procedures Act ("RESPA"), the Home Ownership and Equity Protection Act ("HOEPA"), and the "Mortgage Fraud Act."[4] (*Id.* at 10 of 164.)

On October 4, 2021, the Attorney Defendants filed a motion to dismiss for lack of subject matter jurisdiction. (ECF Nos. 81, 82.) On October 7, 2021, the Bank Defendants filed their respective motions to dismiss for lack of subject matter jurisdiction. (ECF No. 83.) On December 14, 2021, following extensions requested by Fung and granted by the Court (ECF Nos. 84, 85, 86), Fung filed her opposition to the motions to dismiss (ECF No. 87). On December 21, 2021, the Bank Defendants filed a reply. (ECF No. 89.)

## II.   LEGAL STANDARD

### A.   Rule 12(b)(1)

"When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am., N.A.*, Civ.

---

[4] Fung summarily alleges "[i]t is evident based on my forged mortgage assignment that I am the victim of forgery, according to . . . 42 U.S.C 1983 and 28 U.S.C. 1331: TILA (Truth in Lending Act); FDCPA (Fair Debt Collection Practices Act; RESPA (Real Estate Settlement Practices Act); HOEPA (Home Ownership and Equity Protection Act); and the Mortgage Fraud Act." (ECF No. 80 at 16–17 of 164.)

A. No. 12-03922, 2013 U.S. Dist. LEXIS 37639, at *2 (D.N.J. Mar. 19, 2013) (citing *In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993)). In considering dismissal for lack of subject-matter jurisdiction, a district court's focus is not on whether the factual allegations entitle a plaintiff to relief but rather on whether the court has jurisdiction to hear the claim and grant relief. *Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434 (D.N.J. 2002).

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Id*. (citing *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual attack, on the other hand, "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id*. (alteration in original) (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). A "factual challenge allows 'a court [to] weigh and consider evidence outside the pleadings.'" *Id*. (alteration in original) (citation omitted). Thus, when a factual challenge is made, "no presumptive truthfulness attaches to [the] plaintiff's allegations." *Id*. (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Rather, "'the plaintiff will have the burden of proof that jurisdiction does in fact exist,' and the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Id*. (quoting *Mortensen*, 549 F. 2d at 891).

The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Id.* at 348–49 (collecting cases). "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial,

implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id*. at 350 (quoting *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987)). "In this vein, when a case raises a disputed factual issue that goes both to the merits and jurisdiction, district courts must 'demand less in the way of jurisdictional proof than would be appropriate at a trial stage.'" *Id*. (citing *Mortensen*, 549 F.2d at 892 (holding that dismissal under Rule 12(b)(1) would be "unusual" when the facts necessary to succeed on the merits are at least in part the same as must be alleged or proven to withstand jurisdictional attacks)). These cases make clear that "dismissal via a Rule 12(b)(1) factual challenge to standing should be granted sparingly." *Id*.

Here, Defendants are asserting a facial 12(b)(1) challenge. Therefore, the Court considers the allegations in the light most favorable to Fung. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen*, 549 F.2d at 891.

### B.      Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 548 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286 (1986). Instead, assuming the factual allegations in the complaint are true, those

"[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citations omitted).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The

Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id.* at 670.

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory*, 114 F.3d at 1426 (emphasis added) (quoting *Shaw*, 82 F.3d at 1220).

## III.    DECISION

In its July 2021 Opinion, the Court dismissed Fung's initial complaint for failure to establish subject matter jurisdiction. (ECF No. 76.) Specifically, the Court held Fung has failed to demonstrate the Court had subject matter jurisdiction in accordance with either 28 U.S.C. § 1331 (federal question jurisdiction) or 28 U.S.C. § 1332 (diversity jurisdiction). (*Id.* at 5–13.) The Court permitted Fung to cure those deficiencies and file an amended complaint. (*Id.* at 15.) In her Amended Complaint, Fung asserts the Court has federal question jurisdiction over this action, alleging violation of 42 U.S.C § 1983, TILA, RESPA, FDCPA, HOEPA, and a purported "Mortgage Fraud Act". (ECF No. 80 at 10.) The Court addresses each in turn.

### A.    RESPA and TILA Claims

Defendants argue the Court lacks subject matter jurisdiction because the Amended Complaint is barred by the entire controversy doctrine.[5] (ECF No. 81-1 at 12; ECF No. 83-1 at

---

[5] Defendants raise several arguments in support of their motions to dismiss for lack of subject matter jurisdiction. The Attorney Defendants argue the Court lacks subject matter jurisdiction because: (1) there is no federal question at issue in accordance with 28 U.S.C. § 1331, *i.e.*, federal

16.) Specifically, Defendants contend Fung's claims challenging the validity of the assignment of her mortgage and the foreclosure are issues germane to the foreclosure action that should have been raised in the state court proceeding. (ECF No. 81-1 at 13; ECF No. 83-1 at 18–19.) Fung counters she is not relitigating matters heard in the state court but has "brought this matter in efforts to seek damages for the issues that constituted fraud." (ECF No. 87 at 6 of 24.)

"A federal court hearing a federal cause of action is bound by New Jersey's Entire Controversy Doctrine, an aspect of the substantive law of New Jersey, by virtue of the Full Faith and Credit Act, 28 U.S.C. § 1738 (1994)." *Litgo N.J., Inc. v. Comm'r N.J. Dep't of Env't. Prot.*, 725 F.3d 369, 400 n.2 (3d Cir. 2013) (quoting *Rycoline Prods. v. C & W Unlimited*, 109 F.3d 883, 887 (3d Cir. 1997)). "Under the entire controversy doctrine, a party cannot withhold part of a controversy for later litigation even when the withheld component is a separate and independently cognizable cause of action." *In re Mullarkey*, 536 F.3d 215, 229 (3d Cir. 2008). The entire controversy doctrine is "an extremely robust claim preclusion device that requires adversaries to join all possible claims stemming from an event or series of events in one suit." *Chavez v. Dole Food Co.*, 836 F.3d 205, 228 n.130 (3d Cir. 2016) (quoting *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132 (3d Cir. 1999)). The doctrine

> requires a party to bring in one action all affirmative claims that it
> might have against another party or be forever barred from bringing
> a subsequent action involving the same underlying facts. The central

---

question jurisdiction; (2) the is no diversity of citizenship in accordance with 28 U.S.C. § 1332 (diversity jurisdiction); (3) the *Rooker-Feldman* doctrine bars Fung's claims; and (4) New Jersey's entire controversy doctrine bars Fung's claims. (ECF No. 81-1 at 6–13.) Concurrently, the Bank Defendants move to dismiss the Amended Complaint for many of the same reasons, arguing the Court lacks subject matter jurisdiction and Fung's claims are barred by: (1) the *Rooker-Feldman* doctrine; (2) New Jersey's entire controversy doctrine; (3) the *Younger* abstention doctrine; (4) the *Colorado River* abstention doctrine; and (5) *res judicata* and collateral estoppel. (ECF No. 83-1 at 10–20.) Because all the referenced abstention and preclusion doctrines strip the Court of subject matter jurisdiction, and for the purposes of judicial economy, the Court need not address all the bases Defendants raise for dismissal.

> consideration is whether the claims arise from related facts or the
> same transaction or series of transactions.

*Opdycke v. Stout*, 233 F. App'x 125, 129 (3d Cir. 2007) (internal citations and quotation marks omitted); *see also Ricketti v. Barry*, 775 F.3d 611, 613 (3d Cir. 2015). "The purposes of the doctrine are threefold: (1) the need for complete and final disposition through the avoidance of piecemeal decisions; (2) fairness to parties to the action and those with a material interest in the action; and (3) efficiency and the avoidance of waste and the reduction of delay." *Ditrolio v. Antiles*, 662 A.2d 494, 502 (N.J. 1995).

The entire controversy doctrine applies to foreclosure proceedings but encompasses only "germane" counterclaims. N.J. Ct. R. 4:64-5 ("Only germane counterclaims and cross-claims may be pleaded in foreclosure actions without leave of court."); *see also In re Mullarkey*, 536 F. 3d at 228. The word "germane" is construed very narrowly in this context. "The use of the word 'germane' in the language of the rule undoubtedly was intended to limit counterclaims in foreclosure actions to claims arising out of the mortgage transaction which is the subject matter of the foreclosure action." *Leisure Tech.-Ne. v. Klingbeil Holding Co.*, 349 A.2d 96, 98 (N.J. 1975). "Courts have viewed several types of claims as germane to a New Jersey foreclosure action, including those challenging the circumstances surrounding origination of the loan, challenging the validity of the loan itself, and arising out of the mortgage transaction." *Guaba v. World Sav. Bank*, Civ. A. No. 14-2408, 2014 U.S. Dist. LEXIS 167116, at *4 (D.N.J. Dec. 3, 2014).

Here, the Amended Complaint acknowledges Fung raised the "Forged Mortgage Assignment" and "The Wrongful foreclosure" issues in earlier state court proceedings. (ECF No. 80 at 14 of 164.) Nonetheless, the Amended Complaint alleges "Defendants failed to provide Plaintiff with notice of assignment of mortgage; transfer of mortgage loan; and foreclosure" in violation of RESPA and TILA's notice requirements. (ECF No. 80 at 31 of 164.) However, notice

10

of the assignment of mortgage, transfer of mortgage loan, and foreclosure are germane to the foreclosure action that was litigated in state court. *Puche v. Wells Fargo NA*, 256 F. Supp. 3d 540, 549 (D.N.J. 2017) ("Claims that loan servicers violated their statutory duties under RESPA are germane to foreclosure proceedings on the mortgaged property."); *Coleman v. Chase Home Fin., LLC*, 446 F. App'x 469, 472 (3d Cir. 2011) ("Claims are considered to be germane to a foreclosure action if they arise out of the mortgage that is the basis of the foreclosure action."); *Leisure Tech. Ne.*, 349 A.2d at 98 (finding germane claims to be "claims arising out of the mortgage transaction which is the subject matter of the foreclosure action"). While violation of RESPA and TILA's notice requirements would raise a federal question to confer subject matter jurisdiction, these claims are germane to the foreclosure action, and therefore, barred by the entire controversy doctrine. *See Siljee v. Atl. Stewardship Bank*, Civ. A. No. 15-1762, 2016 U.S. Dist. LEXIS 63257, at *25 (D.N.J. May 12, 2016) (finding the entire controversy doctrine barred plaintiff's RESPA claims where there had already been a foreclosure proceeding in state court); *Rodriguez v. Wells Fargo Bank, N.A.*, Civ. A. No. 18-7959, 2019 U.S. Dist. LEXIS 60526, at *13–14 (D.N.J. Apr. 9, 2019) (finding RESPA claim germane to foreclosure action and therefore barred by entire controversy doctrine); *Collas v. Wells Fargo Bank, N.A.*, Civ. A. No. 17-11866, 2018 U.S. Dist. LEXIS 208310, at *12 (D.N.J. Dec. 11, 2018) (same).

Although Fung contends Defendants failed to provide her with notice of the assignment of mortgage, transfer of mortgage loan, and foreclosure, Fung could have raised her RESPA and TILA claims in the earlier state court proceedings. Because Fung could have raised those notice claims in earlier proceedings but elected not to, Fung's RESPA and TILA claims are barred by the entire controversy doctrine. Accordingly, the Court lacks jurisdiction over Fung's RESPA and TILA claims.

**B.     Remaining Federal Claims**

In addition to Fung's RESPA and TILA claims, Fung alleges Defendants violated 42 U.S.C § 1983, FDCPA, HOEPA, and a purported "Mortgage Fraud Act." In reviewing the Amended Complaint and allegations therein, the Court finds Fung fails to establish a sufficient basis to confer subject matter jurisdiction over her remaining claims.

"Federal courts are courts of limited jurisdiction that may only hear a case if the constitution or a federal statute provides the court with jurisdiction." *Jackson v. Del. River & Bay Auth.*, 224 F. Supp. 2d 834, 841 (D.N.J. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A district court has the obligation to raise questions of subject matter jurisdiction *sua sponte*. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002); *Emp'rs Ins. of Wausau v. Crown Cork & Seal Co., Inc.*, 905 F.2d 42, 45 (3d Cir. 1990). Federal courts have original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1332, which provide for federal question jurisdiction and diversity jurisdiction, respectively. Federal question jurisdiction is over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint does not need "detailed factual allegations," but it must possess more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A district court may dismiss a complaint *sua sponte* under Rule 8 if the "complaint is so confused, ambiguous, vague, or

otherwise unintelligible that its true substance, if any, is well disguised." *Tucker v. Sec'y United States HHS*, 645 F. App'x 136, 137 (3d Cir. 2016) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). Further, dismissal under Rule 8 is proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action]," *Binsack v. Lackawanna Cnty. Prison*, 438 F. App'x 158 (3d Cir. 2011), or when the complaint is so "rambling and unclear" as to defy response. *Tillio v. Spiess*, 441 F. App'x 109 (3d Cir. 2011). While courts must construe a *pro se* plaintiff's claims liberally, "a litigant is not absolved from complying with . . . the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Sykes v. Blockbuster Video*, 205 F. App'x. 961 (3d Cir. 2006) (finding *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure).

Here, Fung's remaining federal claims fail to satisfy Federal Rule of Civil Procedure 8. Despite citing several federal statutes, Fung does not explain how her underlying allegations—Defendants' purported forgery and fraudulent conduct in connection with her mortgage assignment and foreclosure—relate, even remotely, to the federal statutes she cites. *See Trent Realty Assocs. v. First Fed. Say. & Loan Ass'n. of Phila.*, 657 F.2d 29, 33 (3d Cir. 1981) ("[T]he federal question must appear on the face of a well-pleaded complaint."). Fung does not provide any facts supporting alleged violations of these federal statutes, nor specify what conduct Defendant engaged in to allegedly violate those federal statutes. As to her § 1983 claim, Fung does not allege that any state actors are involved in this litigation, nor does she allege a violation of her civil rights. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) ("To satisfy the [§ 1983] state action

requirement, the defendant must have used authority derived from the state in causing the alleged harm."). Fung also makes no specific factual allegations in support of her HOEPA and FDCPA claims or otherwise allege Defendants engaged in conduct that violated those statutes. Fung merely asserts her "Complaint has jurisdiction under" 42 U.S.C. § 1983, FDCPA, and HOEPA. (ECF No. 80 at 31 of 164.) Simply reciting federal statutes unrelated to the claims or allegations in the Amended Complaint is insufficient to confer subject matter jurisdiction. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976) (explaining that pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure"). Further, to the extent Fung alleges the "Mortgage Fraud Act" confers subject matter jurisdiction, Fung does not identify the law she is claiming Defendants violated or discern the federal statute she seeks to invoke.

While Rule 8 does not require Fung to provide detailed factual allegations, Fung must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Compliance with Rule 8 requires Fung to "give the [D]efendants fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (internal citation omitted). None of the federal statutes Fung asserts are well-pleaded or apply to her allegations, and therefore, Fung's Amended Complaint does not meet this burden. Because there are no sufficiently pled claims arising under federal law to confer federal question jurisdiction in accordance with 28 U.S.C. § 1331, and because Fung has not addressed deficiencies in diversity of citizenship discussed by the Court in its July 2021 Opinion, the Court lacks subject matter jurisdiction over Fung's claims. Accordingly, Defendants' motions to dismiss are **GRANTED.**

**IV.    CONCLUSION**

For the reasons set forth above, Defendants' motions to dismiss are **GRANTED**. An

appropriate order follows.

*/s/ Brian R. Martinotti*

**HON. BRIAN R. MARTINOTTI**

**UNITED STATES DISTRICT JUDGE**

Dated:  February 16, 2022