<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GAIL FUNG, <br><br>                 Plaintiff, <br><br>                 v. <br><br> WELLS FARGO BANK, *et al.*, <br><br>                 Defendants. | Case No. 2:20-cv-01099 (BRM) (ESK) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court are *pro se* Plaintiff Gail Fung's ("Fung") Motion for Reconsideration and Motion for Default Judgment.[1] (ECF No. 95.) Defendants Full Spectrum Services, Inc., Licardo Gwira, Esq., and John M. Anello, Esq. filed an opposition (ECF No. 96), and Defendants Phelan Hallinan Diamond & Jones, P.C., Judith T. Romano, Esq., and James DiMaggio, Esq. joined in the opposition (ECF No. 97).[2] Defendants Wells Fargo Bank and HSBC Bank's ("Bank Defendants") (together with Attorney Defendants, "Defendants") also filed an opposition to the motion. (ECF No. 98.) Having reviewed the parties' submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure

---

[1] Fung asserts she is moving for reconsideration pursuant to Federal Rules of Civil Procedure 59 and 60. (ECF No. 95 at 1.) However, the standard for a motion for reconsideration is set forth under the Local Rules of this District. The Court will address all applicable rules for construing a reconsideration motion, including Rules 59 and 60, as explained below, *infra* § II.

[2] For the purposes of this Opinion, Defendants Full Spectrum Services, Inc., Licardo Gwira, Esq., John M. Anello, Esq., Phelan Hallinan Diamond & Jones, P.C., Judith T. Romano, Esq., and James DiMaggio, Esq. will be collectively referred to as the "Attorney Defendants." Defendants Phelan Hallinan Diamond & Jones, P.C., Judith T. Romano, Esq., and James DiMaggio, Esq. "join in, rely upon, and incorporate by reference" the opposition filed March 15, 2022 to Fung's motion for reconsideration, docketed at ECF No. 96. (*See* ECF No. 97.)

78(b), for the reasons set forth below and for good cause shown, Fung's Motion for Reconsideration is **DENIED**, and her Motion for Default Judgment is **DENIED**.

## I.    BACKGROUND

The factual and procedural background of this matter are well known to the parties and were previously recounted by the Court in earlier Opinions dated July 23, 2021 and February 16, 2022. (ECF Nos. 76, 92.) Therefore, the Court includes only the facts and procedural background relevant to this Motion.

On January 31, 2020, Fung filed her initial Complaint with this Court. (ECF No. 1.) In the Complaint, Fung requested "the court void the sheriff sale [of her home, which occurred on] December 20, 2019." (ECF No. 1 at 14.) Fung argues she was the victim of "wrongful termination of [her] loan modification" (ECF No. 1 at 14, 15), "wrongful foreclosure" (*id*. at 12–14), denial of due process (*id*. at 12, 14), breach of contract (*id*. at 11, 18), breach of the covenant of good faith and fair dealing (*id*. at 10, 12), and forgery (*id*. at 11–14, 18, 20–21).

On April 13, 2020, the Attorney Defendants filed a motion to dismiss Fung's Complaint. (ECF No. 16.) On April 14, 2020, Fung requested the Court enter default against two defendants, BEC FNF, LLC and Jason Hong. (ECF No. 19.) The Clerk entered default against those defendants for failure to plead or otherwise defend. (*Id*.) On April 22, 2020, Defendants Phelan Hallinan Diamond & Jones, P.C., Judith T. Romano, Esq., and James DiMaggio, Esq. filed a Motion to Dismiss. (ECF No. 21.) On May 18, 2020, the Bank Defendants also filed a Motion to Dismiss. (ECF No. 29.) On October 14, 2020, following extension requests, Fung filed an Affidavit in Opposition to all three motions to dismiss. (ECF No. 56.) Then, on October 20, 2020, Fung filed a Motion for Default Judgment against Defendants Jason Hong and BEC FNF, LLC for failure to answer or plead. (ECF No. 57.)

On December 16, 2020, this Court ordered Fung to show cause why this matter should not be dismissed for lack of subject matter jurisdiction. (ECF No. 60.) The Court administratively terminated the three motions to dismiss and Fung's motion for default judgment pending a decision on whether the Court has subject matter jurisdiction over the action. (*Id*.) On April 27, 2021, Fung filed her response to the Order. (ECF No. 72.) On July 23, 2021, the Court issued its Opinion and Order (collectively, the "July 2021 Opinion") dismissing Fung's Complaint without prejudice for failure to establish subject matter jurisdiction. (ECF Nos. 76, 77.) Specifically, the Court held Fung failed to demonstrate the Court had subject matter jurisdiction in accordance with either 28 U.S.C. § 1331 (federal question jurisdiction) or 28 U.S.C. § 1332 (diversity jurisdiction). (ECF No. 76 at 5–13.) The Court also considered and addressed Fung's motion for default judgment against Defendants Jason Hong and BEC FNF, LLC in its July 2021 Opinion, finding "because the court does not have subject matter jurisdiction over this action," Fung's motion for default judgment is denied. (*Id*. at 15.) The Court permitted Fung to cure those deficiencies and file an amended complaint. (*Id*.)

On September 23, 2021, following an order granting Fung's request for an extension (ECF No. 78), Fung filed her Amended Complaint (ECF No. 80). The Amended Complaint largely mirrored her initial Complaint. Fung alleges Defendants commenced a foreclosure action against her in 2009. (*Id* at 10 of 164.) Fung alleges she is a "victim of a wrongful foreclosure as a result of Defendants' individual and/or collective actions." (*Id*.) Fung asserts her mortgage was assigned to the Bank Defendants but alleges the assignment of her mortgage was a fraud. (*Id*. at 23–24 of 164.) Fung further alleges the "entire foreclosure was based on a fraud," and the Attorney Defendants "forged the assignment of mortgage." (*Id*. at 29 of 164.) Fung claims the Court has subject matter jurisdiction under 28 U.S.C. § 1331 for alleged violations of 42 U.S.C. § 1983, the

Truth in Lending Act ("TILA"), the Fair Debt Collection Practices Act, the Real Estate Settlement Procedures Act ("RESPA"), the Home Ownership and Equity Protection Act, and the "Mortgage Fraud Act." (*Id.* at 10 of 164.)

On October 4, 2021, the Attorney Defendants filed a motion to dismiss for lack of subject matter jurisdiction. (ECF Nos. 81, 82.) On October 7, 2021, the Bank Defendants filed their motion to dismiss for lack of subject matter jurisdiction. (ECF No. 83.) On December 14, 2021, following extensions requested by Fung and granted by the Court (ECF Nos. 84, 85, 86), Fung filed her opposition to the motions to dismiss (ECF No. 87).

On February 16, 2022, the Court issued an Opinion (the "February 2022 Opinion") and Order, granting Defendants' motions to dismiss and finding Fung failed to establish a sufficient basis to confer subject matter jurisdiction over her claims. Specifically, the Court found it lacked jurisdiction because: (1) Fung's RESPA and TILA claims are barred by the entire controversy doctrine; (2) Fung's listing of federal statutes that have no connection with the underlying allegations fails to satisfy the requirements of Federal Rule of Civil Procedure 8, and as a result, is insufficient to provide a basis for federal question jurisdiction; and (3) Fung has not cured or addressed the diversity of citizenship pleading deficiencies discussed by the Court in its July 2021 Opinion to confer diversity jurisdiction. (ECF No. 92 at 8–14; ECF No. 93.) On March 11, 2022, Fung filed a motion for reconsideration of the Court's February 2022 Opinion pursuant to Federal Rules of Civil Procedure 59 and 60. (ECF No. 95.) On March 15, 2022, the Attorney Defendants filed an opposition to the motion (ECF Nos. 96, 97), and on March 21, 2022, the Bank Defendants filed their opposition to the motion (ECF No. 98). On May 6, 2022, Fung renewed her request for default judgment, providing a list of "sum certain" damages. (ECF No. 99.)

## II.   LEGAL STANDARD

### A.   Motion for Reconsideration

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). "Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under [Rule] 59(e), or as a motion for relief from judgment or order under [Rule] 60(b)." *Morton v. Fauver*, Civ. A. No. 97-5127, 2011 U.S. Dist. LEXIS 85805, at *15 (D.N.J. July 21, 2011). A motion to alter or amend a judgment pursuant to Rule 59(e) will be granted only where: "(1) an intervening change in the law has occurred; (2) new evidence not previously available has emerged; or (3) the need to correct a clear error of law or prevent a manifest injustice arises." *Gutierrez v. Ashcroft*, 289 F. Supp. 2d 555, 561 (D.N.J. 2003), *aff'd on other grounds*, 125 F. App'x 406 (3d Cir. 2005).

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, Civ. A. No. 14-6547, 2015 U.S. Dist. LEXIS 67643, at *6–7 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987)). Rule 60(b)(1) is concerned with mistakes of a substantive nature. *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975). However, a Rule 60(b) motion "may not be used as a substitute for appeal, and . . . legal error, without more cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)). A motion under Rule 60(b) may not be granted where the moving party could have raised the same legal

argument by means of a direct appeal. *Id.* "To secure relief under Rule 60(b), a movant must establish that the circumstances warrant overcoming the 'overriding interest in the finality and repose of judgments.'" *In re Vehicle Carrier Servs. Antitrust Litig.*, Civ. A. No. 13-3306, 2016 U.S. Dist. LEXIS 55483, at *26–27 (D.N.J. April 25, 2016) (quoting *Harris v. Martin*, 834 F.2d 361, 364 (3d Cir. 1987)). "Those circumstances must be exceptional; Rule 60(b) provides an extraordinary remedy." *Id.*, at *27; *see Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998). As the Third Circuit observes, "[d]isagreement with the District Court's rulings, however vehemently presented, does not constitute an extraordinary circumstance." *Thompson v. Eva's Vill. & Sheltering Program*, Civ. A. No. 04-2548, 2008 U.S. Dist. LEXIS 83451, at *8 (D.N.J. Oct. 20, 2008), *aff'd*, 321 F. App'x 108 (3d Cir. 2009) (alteration in original) (quoting *Bierley v. Shimek*, 153 F. App'x 87, 89 (3d Cir. 2005)).

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are properly accepted in this District under the Local Civil Rules. *See* L.Civ.R. 7.1(i); *see also Dunn v. Reed Grp., Inc.*, Civ. A. No. 08-1632, 2010 U.S. Dist. LEXIS 2438, at *3–4 (D.N.J. Jan 13, 2010). The comments to that Rule make clear "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. A. No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *5 (D.N.J. Oct. 7, 2003)); *see also Langan Eng'g & Envt'l. Servs., Inc. v. Greenwich Ins. Co.*, Civ. A. No. 07-2983, 2008 U.S. Dist. LEXIS 71189, at *2 (D.N.J. Sept. 17, 2008) (explaining a motion for reconsideration under Rule 7.1(i) as "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[] are to be granted 'sparingly'") (citation omitted); *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005).

A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L.Civ.R. 7.1(i)2; *see also Bowers v. NCAA*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule.").

"The standard for a motion brought under Local Civil Rule 7.1(i) is the same as that for a motion brought under Rule 59(e), which governs motions to alter or amend a judgment." *In re Vehicle Carrier Servs. Antitrust Litig.*, Civ. A. No. 13-3306, 2016 U.S. Dist. LEXIS 55483, at *20–21 (D.N.J. Apr. 25, 2016), *aff'd*, 846 F.3d 71 (3d Cir. 2017) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)); *Holsworth v. Berg*, 322 F. App'x 143 (3d Cir. 2009). To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see also N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A court commits clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, Civ. A. No. 09-4590, 2010 U.S. Dist. LEXIS 83601, at *15 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008) "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id*. Moreover, when the assertion is that the Court overlooked

7

something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L.Civ.R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 U.S. Dist. LEXIS 83601, at *15. (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353); *see also Compaction Sys. Corp.*, 88 F. Supp. 2d at 345 ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.*, Civ. A. No. 05-1771, 2006 U.S. Dist. LEXIS 93578, at *5–6 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, and should be dealt with through the normal appellate process.") (citations omitted).

## B.    Motion for Default Judgment

A default judgment may be entered "against a properly served defendant who fails to file a timely responsive pleading." *Louisiana Counseling & Family Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing Fed. R. Civ. Pro. 55(b)(2); *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir.1990)). The judgment must be entered by the court, rather than the clerk, where the amount is not sum certain or cannot be made certain by computation. Fed. R. Civ. P. 55(b).

Entry of default judgment is within the discretion of the district court, although cases should "be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)); *see Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *Louisiana Counseling & Family Servs.*, 543 F. Supp. 2d at 364. To determine the appropriateness of the entry of a default

judgment, the Court may conduct a hearing when, "to enter or effectuate judgment, it needs to . . . determine the amount of damages [or] establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b).

Generally, courts treat all pleadings and allegations of the plaintiff as true on a motion for default judgment. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). However, the Court is not required to accept Plaintiff's conclusions of law and, therefore, "it remains for the [C]ourt to consider whether the unchallenged facts constitute a legitimate cause of action" against Defendants. *Directv, Inc. v. Asher*, Civ. A. No. 03-1969, 2006 U.S. Dist. LEXIS 14027, at *3 (D.N.J. Mar. 14, 2006) (quoting Charles A. Wright, Arthur R. Miller & Mary Kay Kane, 10A Federal Practice and Procedure § 2688, at 58–59, 63 (3d ed. 1998)); accord *Louisiana Counseling & Family Servs.*, 543 F. Supp. 2d at 364; *Comcast Cable Commc'ns v. Bowers*, Civ. A. No. 06-1664, 2007 U.S. Dist. LEXIS 38513, at *4 (D.N.J. May 25, 2007).

Importantly, a district court is obligated to consider lack of subject matter jurisdiction *sua sponte* before entering default judgment. *Dambach v. United States*, 211 F. App'x 105, 109 (3d Cir. 2006); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."); *DeLagarde v. Tours VI Ltd.*, Civ. A. No. 20-0093, 2022 U.S. Dist. LEXIS 34405, at *5 (D.V.I. Feb. 28, 2022) ("Before entering a default judgment against a party who has failed to plead or otherwise defend, the district court has an obligation to consider whether the court has jurisdiction over the subject matter."); *McMillan v. Pazienza-Mcmillan,* Civ. A. No.

19-8301, 2021 U.S. Dist. LEXIS 224129, at *8 (D.N.J. Nov. 19, 2021) (setting aside the Clerk's

entry of default because the Court lacks subject matter jurisdiction to hear the case).

III.  **DECISION**

A.  **Motion for Reconsideration**

In its February 2022 Opinion, the Court dismissed Fung's Amended Complaint for failure

to establish a sufficient basis to confer subject matter jurisdiction over her claims. (ECF No. 92.)

Specifically, the Court dismissed Fung's RESPA and TILA claims as barred by the entire

controversy doctrine (*id.* at 8–11) and dismissed her remaining claims for failure to satisfy Federal

Rule of Civil Procedure 8 (*id.* at 13). The Court concluded:

> Because there are no sufficiently pled claims arising under federal
> law to confer federal question jurisdiction in accordance with 28
> U.S.C. § 1331, and because Fung has not addressed deficiencies in
> diversity of citizenship discussed by the Court in its July 2021
> Opinion, the Court lacks subject matter jurisdiction over Fung's
> claims.

(*Id.* at 14.) In moving for reconsideration under Local Civil Rule 7.1(i), or to amend or vacate

under Rules 59 or 60, Fung argues the Court erred in dismissing her Amended Complaint because

there is diversity jurisdiction over her claims, the entire controversy doctrine is inapplicable, the

Court did not address documents such as a "Mortgage of Satisfaction and release of Mortgage

Note," and the February 2022 Opinion contains "inconsistencies with dates." (ECF No. 95-1 at 1.)

While Fung maintains the entire controversy doctrine does not apply because she was

unaware of the claims she had against Defendants prior to December 18, 2019, the argument fails

on reconsideration because the same argument was previously raised, addressed, and rejected by

the Court in its February 2022 Opinion. As discussed, the entire controversy doctrine "requires a

party to bring in one action all affirmative claims that it might have against another party or be

forever barred from bringing a subsequent action involving the same underlying facts." (ECF No.

92 at 9 (citing *Opdycke v. Stout*, 233 F. App'x 125, 129 (3d Cir. 2007).) In its February 2022

Opinion, the Court found the Amended Complaint acknowledged the "Forged Mortgage

Assignment" and "wrongful foreclosure" issues were raised in the state court proceedings, and

therefore, the notice claims germane to the foreclosure action were barred by the entire controversy

doctrine. To the extent Fung contends the entire controversy doctrine is inapplicable because she

"never filed an affirmative complaint in state court prior to this federal court action" (ECF No. 95-

1 at 1), the entire controversy doctrine extends to defenses she could have raised in the state court

proceedings. *See Bembry v. Twp. of Mullica,* 749 F. App'x 123, 125–26 (3d Cir. 2018) (holding

the entire controversy doctrine bars the plaintiff's claims because plaintiff "could have presented

all of [his] claims and defenses in state court in the initial foreclosure action"). Therefore, because

the Court found the RESPA and TILA claims were barred by the entire controversy doctrine, and

claim preclusion prohibits the Court from reaching the merits of the claim, the jurisdictional

inquiry was bypassed with respect to the RESPA and TILA claims and non-merits dismissal on

claim preclusion grounds was proper. *See Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 277 (3d

Cir. 2016) (noting because "claim preclusion prohibits a court from reaching the merits of a claim,"

courts may "therefore . . . 'bypass' the jurisdictional inquiry in favor of a non-merits dismissal on

claim preclusion grounds" (emphasis omitted)); *Kajla v. U.S. Bank N.A.*, 806 F. App'x 101, 104

(3d Cir. 2020).

  Further, Fung has not introduced newly available evidence, indicated any intervening

change in law, or identified a clear error of law to warrant reconsideration under Local Civil Rule

7.1(i) or to amend a judgment under Rule 59. Nor has Fung demonstrated the Court made a

substantive mistake in its February 2022 Opinion and Order to warrant relief under Rule 60.

Rather, Fung reiterates the same arguments made in her opposition to Defendants' motion to

dismiss. To the extent Fung asserts the Court has jurisdiction based on diversity, Fung has not pleaded the citizenship of the individual defendants—either in her Amended Complaint or in moving for reconsideration—for the Court to determine whether complete diversity of the parties in fact exists. Indeed, the Court explained in its July 2021 Opinion and February 2022 Opinion that Fung has not cured the deficiencies in her Complaint or Amended Complaint to demonstrate diversity jurisdiction.[3] Similarly, Fung fails to plead a valid federal claim or raise any grounds to reconsider the validity of her federal claims. As explained in the February 2022 Opinion, Fung's RESPA and TILA claims are barred by the entire controversy doctrine and Fung's listing of federal statutes that have no connection with the underlying allegations fails to satisfy the requirements of Federal Rule of Civil Procedure 8, and therefore is insufficient to provide a basis for federal question jurisdiction.

With respect to Fung's contention the Court did not address the "Mortgage of Satisfaction and release of Mortgage Note," or the February 2022 Opinion contains "inconsistencies with dates" (ECF No. 95-1 at 1), the assertions are not factually or legally dispositive for the purposes of reconsideration. *See* L.Civ.R. 7.1(i); *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (finding "the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked") (quoting *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)); *Morton*, 2011 U.S. Dist. LEXIS 85805, at *19 ("The fact that an issue was not explicitly mentioned

---

[3] On December 16, 2020, the Court specifically ordered Fung to show cause why this matter should not be dismissed for lack of subject matter jurisdiction. (ECF No. 60 at 6.) The Court also explained in its Order to Show Cause that merely providing the residences of each defendant in this action, without specifically alleging the citizenship of each defendant, would not establish this Court has diversity jurisdiction. (*See id.* at 5–6.) Although given multiple opportunities to do so, Fung has not alleged the citizenship of each defendant to establish a basis for diversity jurisdiction.

by the court does not on its own entail that the court overlooked the matter in its initial consideration."). Fung does not argue the specific documents or purported inconsistent dates factor into or cure the Court's ultimate determination regarding its lack of subject matter jurisdiction over her claims. Without more, "[m]ere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law[.]" *Schiano v. MBNA Corp.*, Civ. A. No. 05-1771, 2006 U.S. Dist. LEXIS 93578, at *5 (D.N.J. Dec. 28, 2006) (citations omitted); *Compaction Sys. Corp.*, 88 F. Supp. 2d at 345 ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."). Therefore, Fung has not raised any sufficient basis to warrant reconsideration of the Court's February 2022 Opinion.

Because Fung has not alleged any mistake, inadvertence, surprise, excusable neglect, fraud, or misrepresentation that would warrant the extraordinary relief from the order under Rule 60(b), nor has she demonstrated the existence of "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice" *Max's Seafood Cafe*, 176 F.3d at 677, under Rule 59 and Local Civil Rule 7.1, Fung has not demonstrated sufficient grounds for reconsideration. *See In re Vehicle Carrier Servs.*, 2016 U.S. Dist. LEXIS 55483, at *20–21 ("The standard for a motion brought under Local Civil Rule 7.1(i) is the same as that for a motion brought under Rule 59(e), which governs motions to alter or amend a judgment.") (citing *Lazaridis*, 591 F.3d at 669). Accordingly, Fung's motion for reconsideration is **DENIED.**

13

**B.     Motion for Default Judgment**

In moving for reconsideration, Fung asserts the Court should enter judgment against two defendants, Jason Hong and BEC FNF, who never answered the summons and complaint. (ECF No. 95-1 at 1.) In its July 2021 Opinion, the Court observed default was duly noted by the Clerk of the Court against both defendants for failure to plead or otherwise defend this action. (ECF No. 76 at 14.) However, as the Court explained, "if a court does not have subject matter jurisdiction, it may properly deny a motion for default judgment until subject matter jurisdiction is sufficiently alleged." (*Id.*)[4] Indeed, in its July 2021 Opinion, the Court considered the allegations of citizenship for both defendants, found the pleadings to be deficient, and advised Fung that merely listing the residencies of those defendants was insufficient to plead citizenship for the purposes of establishing diversity jurisdiction. (*Id.* at 15.)[5] To date, Fung has not properly pleaded the citizenship of Jason Hong or BEC FNF—either in her Amended Complaint or in moving for reconsideration—for the Court to determine whether complete diversity of the parties in fact exists.

---

[4] *See Mayflower Transit, LLC v. Interra Indus., LLC*, Civ. A. No. 07-5963, 2008 U.S. Dist. LEXIS 50121, at *9 (D.N.J. June 26, 2008) ("Plaintiff's motion for default judgment is denied at this time because plaintiff has not properly alleged subject matter jurisdiction in its complaint."); *Animal Sci. Prod., Inc. v. China Nat. Metals & Mins. Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 880 (D.N.J. 2008) ("In light of the Court's finding that, as drafted, the Complaint fails to establish the Court's subject matter jurisdiction over this action . . . [,]granting Plaintiffs' motion for default judgment would be wholly inappropriate"); *AvalonBay Communities, Inc. v. Aspen Specialty Ins. Co.*, Civ. A. No. 2:20-9167, 2021 U.S. Dist. LEXIS 91336, at *6 (D.N.J. May 13, 2021) ("As a result, the Court is unable to conclude that it has subject-matter jurisdiction over this matter and Plaintiffs' motion for default judgment is dismissed without prejudice.").

[5] *See GP Maplewood Assocs., LP v. Cong. Mapleshade Corp.*, Civ. A. No. 03-3162, 2005 U.S. Dist. LEXIS 52684, at *3 (D.N.J. Feb. 28, 2005) ("An allegation of an individual's citizenship requires just that, an allegation of citizenship . . . . Thus, alleging an individual's residence alone is insufficient") (citations omitted).); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (finding "the citizenship of an LLC is determined by the citizenship of its members.").

Therefore, the Court still lacks subject matter jurisdiction over this action for the purposes of entering default judgment. Accordingly, Fung's request for default judgment is **DENIED.**

IV.    CONCLUSION

For the reasons set forth above, Fung's motion for reconsideration is **DENIED** and Motion for Default Judgment is **DENIED**. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  May 23, 2022